IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MALLINCKRODT PHARMACEUTICALS :
IRELAND LIMITED, et al., :
:
      Plaintiffs, :
:
v. : Civil Action No. 22-1648-RGA
:
AIRGAS THERAPEUTICS, LLC, et al., :
:
      Defendants. :

**MEMORANDUM ORDER**

This case has a Markman hearing scheduled for July 12. The Court's preliminary observations and proposed determinations are as follows:

1. ('741 patent preamble). I agree with Mallinckrodt that resolution of this dispute does not matter. That is because the preamble appears to be captured by the claims, so, if limiting, it would essentially be redundant. On the merits, I also agree with Mallinckrodt. Mere repetition in the body of a claim of words and phrases that appear in the preamble do not mean that the preamble provides antecedent basis. In this case, when there is repetition, the repetition does not refer back to the preamble. Claim 24 appears to be equally sensible whether the preamble is limiting or not limiting. I do not see that during prosecution of the application that became the '741 patent that Applicants relied upon the preamble to distinguish prior art. Thus, I conclude the preamble is non-limiting.

2. ("gas data"). Each party is to submit a letter by COB July 8 explaining (and giving concrete examples of) "gas data" that falls within Plaintiffs' definition ("data related to the gas in[side] the gas source") but outside of Defendants' definition ("data of the actual gas inside the gas source"). If the data for "gas composition," "gas identification," "gas concentration," "gas expiration date," "batch and lot number," and other manufacturing information is not that of the gas in the cylinder [or other container], what is it? I reserve judgment on the proposed construction for "gas data."

3. ("gas source"). Airgas's proposed construction is clearly too limiting. (The '6795 patent has nothing in independent claims 1 and 7 mentioning nitric oxide gas.). A stray comment during an IPR argument is not clear and unmistakable disclaimer. I

propose that "gas source" be construed as "any gas source, including a gas cylinder, gas tank, or other pressurized vessel used to store gas at above atmospheric pressure." The specification is clear that "gas source" is broad and that the essence of it is any pressurized vessel used to store gas at above atmospheric pressure.

4. ("valve" and "circuit"). Airgas does not actually offer constructions of either of these terms. Mallinckrodt does construe them, specifying what I think are their plain and ordinary meanings. Airgas does not disagree that valve and circuit have those plain and ordinary meanings but argues that those meanings are "incomplete." I do not read any of the intrinsic evidence as clearly and unmistakably transforming the claimed "valve" into a "valve assembly." Thus, I adopt Mallinckrodt's proposed constructions.

5. ('046 patent calculation terms). The dispute here seems to be, some combination of what is a "delivery concentration" and how can it be calculated? The only example in the specification involves "the measured nitric oxide flow rate and the measured flow rate through the breathing circuit." It seems pretty clear to me that a "delivery concentration" is the concentration of the therapeutic gas at the time of delivery. I do not think the scope of the term is limited just because it is not a term of art. Mallinckrodt argues that the calculation could be done using something other than "measured" flow rates. My understanding is that a POSA would recognize that there are other methods to come up with (i.e., calculate) the actual delivery concentration that use measured variables other than the two "measured" flow rates mentioned in the specification. Thus, the only possible construction that might be added to what Mallinckrodt has proposed is that the delivery concentration needs to be the actual delivery concentration, but based on the briefing, I think that is unnecessary because I think both sides agree that the calculation is of the actual delivery concentration. I reject Defendants' proposals.

The parties should meet and confer and by the COB July 10th advise whether they accept any of the above decisions or proposals. Further, the Markman hearing is rescheduled to 10 a.m. on July 12th, and is now allotted one hour, to be split equally between the sides.

IT IS SO ORDERED this 2nd day of July 2024.

_____
United States District Judge