**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MALLINCKRODT PLC, MALLINCKRODT PHARMACEUTICALS IRELAND LIMITED, MALLINCKRODT HOSPITAL PRODUCTS IP UNLIMITED COMPANY, and INO THERAPEUTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AIRGAS THERAPEUTICS LLC and AIRGAS USA LLC,<br><br>Defendants. | Civil Action No. 22-1648-RGA-LDH |

MEMORANDUM ORDER

Defendants filed a *Daubert* motion to exclude part of Plaintiffs' expert Ms. Trexler's "Scenario 1" damages theory. (D.I. 377). I granted the motion. (D.I. 461, 462). On August 25, 2025, two weeks before trial, Plaintiffs served Ms. Trexler's supplemental report, providing a revised damages theory for Plaintiffs' Orange Book patents based on information from a 2023 internal survey. (D.I. 467, 467-1 Ex. A). Defendants filed a Motion to Strike and Exclude the Supplemental Report of Dana Trexler. (D.I. 480). The motion is fully briefed. (D.I. 481, 483). I issued an oral order denying the motion, where I said, "A fuller explanation will come later." (D.I. 486). This is the fuller explanation.

The legal standards for deciding whether to exclude evidence are below:

> Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose was harmless, courts in the Third Circuit consider the *Pennypack*

> factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

*Vectura Ltd. v. GlaxoSmithKline, LLC*, 2019 WL 1436296, at *1 (D. Del. Apr. 1, 2019).

Defendants argue that all five *Pennypack* factors weigh in favor of their motion. (D.I. 481 at 3). I disagree.

Factor 1. Defendants argue that the prejudice resulting from the supplemental report is significant, as they had insufficient opportunity "to meaningfully address this theory or conduct fact and expert discovery" on the internal survey Ms. Trexler uses in her supplemental report. (D.I. 481 at 4–6). Defendants' sole challenge is, "Plaintiffs never identified the [i]nternal [s]urvey itself or any portion thereof as supporting any theory of damages." (*Id.*). Defendants suggest that had they known the survey would be used this way, they could have conducted their own rebuttal survey. (*Id.* at 5, 8).

The record shows that Defendants had notice of the survey and its potential use in damages analyses. Plaintiffs produced the survey and cited it in their interrogatory response on damages. (D.I. 483-1 Ex. 3 (internal survey); D.I. 483-1 Ex. 5 at 8, 16–17 (listing the survey's Bates number "MNK_AIR-0072336" as information Plaintiffs' experts may rely on for damages)). Plaintiffs provided a corporate fact witness to answer questions on this survey. (*See* D.I. 483-1 Ex. 2 at 216:17–217:7, 218:15–18). Both parties' damages experts cite the survey. (D.I. 483-1 Ex. 6 ¶¶ 69, 73, 230–31, 236–37 (Plaintiffs' expert Ms. Trexler); D.I. 483-1 Ex. 7 ¶ 129 (Defendants' expert)). Defendants asked Ms. Trexler about the survey in her deposition. (*See* D.I. 483-1 Ex. 8 at 162:6–

22). I think Defendants had opportunities to conduct discovery on this survey and are not prejudiced by Plaintiffs' reliance on it now.

Factor 2. Defendants argue that the prejudice arising from this supplemental report cannot reasonably be cured. (D.I. 481 at 6–8). To cure any potential prejudice arising from this report, I gave Defendants the opportunity to depose Ms. Trexler, file a *Daubert* motion on the supplemental report, and file a rebuttal expert report. (D.I. 466 at 15:16–21 (pretrial conference transcript)). Defendants insist this is not enough. Curing this prejudice, they say, requires deposing the authors of the internal survey. (D.I. 481 at 6–7). This argument is unavailing, as Defendants already had the opportunity to conduct such discovery on this survey.

Factor 3. Defendants argue that Plaintiffs, by providing the supplemental report shortly before trial, are disrupting Defendants' trial preparations. (D.I. 481 at 8–9). I do not see how allowing this report will disrupt "an orderly and efficient trial," as Defendants know about the internal survey and that Ms. Trexler is testifying on damages and apportionment. As stated, I gave Defendants opportunities to address the supplemental report so there would be no disruptions at trial. If anything, excluding the report would disrupt the trial, as it would leave Plaintiffs no damages theories for their Orange Book patents. (D.I. 483 at 9; D.I. 466 at 12:3–8).

Factor 4. Defendants argue that Plaintiffs acted in bad faith or willfully failed to disclose evidence by presenting the "objectively unreasonable" Scenario 1 damages theory. (D.I. 481 at 9–10). They say that giving Plaintiffs another opportunity to present a damages theory "only encourages such unreasonable behavior." (*Id.*). While I rejected Plaintiffs' Scenario 1 theory (D.I. 461 at 22–35), I am not persuaded that presenting this theory is indicative of bad faith or is sanctionable behavior, especially as Plaintiffs timely disclosed the survey on which they now rely.

Factor 5. Defendants argue that the supplemental report's damages theories are not important enough to Plaintiffs to justify admission; otherwise, Plaintiffs would have presented these theories earlier. (D.I. 481 at 10–11). Plaintiffs make clear that without the supplemental report, they have no affirmative damages theories for their Orange Book patents. (D.I. 483 at 9; D.I. 466 at 12:3–8). This factor weighs heavily in favor of permitting the supplemental report.

I consider Defendants' remaining arguments and find them unavailing. For the foregoing reasons, the motion to strike and exclude the supplemental report of Ms. Trexler (D.I. 480) is DENIED (D.I. 486).

Entered this 3rd day of November, 2026

United States District Judge